## ASAHEL HUBBARD vs. SAMUEL KNOUS & another.

If the defendant, in an action of assumpsit, containing the common money counts, and also a count for the use and occupation of certain premises described, pays a part of the sum demanded into court, without specifying to which of the counts the payment is to be applied ; such payment is an admission, only that the defendant owes the plaintiff, on some one or several of the counts, the sum so paid, but is not an admission of any particular contract or debt under any one of the counts, nor of a liability on all of them.

THIS was an action of assumpsit originally commenced on the 17th of January, 1849, returnable before a justice of the peace. The declaration contained the common money counts, and also a count for the use and occupation of a certain hall situate in Springfield, known as Hubbard's Hall, according to the account annexed to the writ, which was as follows : " Franklin Division, No. 28. To Asahel Hubbard, Dr. To Rent of Hall three months, from May 31 to August 31, 1848. $12.50.

At the trial before the justice, on the 5th of February, 1849, the defendants pleaded the general issue, and specified in defence a tender made by Badger, one of the defendants, on the first day of the same February, of six dollars and fifty cents, which they brought into court for the plaintiff, and deposited in the hands of the justice, the plaintiff refusing to receive it. The justice gave judgment in favor of the plaintiff for the sum of twelve dollars and fifty cents, and costs ; whereupon the defendant appealed to the court of common pleas.

The case was tried in the court of common pleas on the pleadings made up before the justice. The plaintiff offered in evidence, for the purpose of showing the amount of the rent, a lease from the plaintiff to the officers of the Franklin Division, No. 28, of the Sons of Temperance, and their successors in office. The defendant offered evidence, that just before the 1st of July, 1848, the plaintiff took possession of the hall, and continued in possession thereof in such a manner as to amount to an eviction of the lessees. To the admission of this evidence the plaintiff objected, contending that the only question open to the defendants upon the pleadings was the value of

the rent for the three months claimed in the bill of particulars, and that every thing else necessary to be shown by the plaintiff had been admitted by the defendant.

At this stage of the trial, the case was taken from the jury and submitted, upon the foregoing facts, to the court of common pleas, who gave judgment for the defendants; and the plaintiff appealed to this court.

*W. G. Bates,* for the plaintiff, cited *Jones* v. *Hoar,* 5 Pick. 285; *Huntington* v. *American Bank,* 6 Pick. 340; *Miller* v. *Williams,* 5 Esp. R. 19; *Bulwer* v. *Horne,* 4 B. & Ad. 132.

*H. Morris,* for the defendants, cited *Stafford* v. *Clark,* 2 Bing. 377; *Jones* v. *Hoar,* 5 Pick. 285; *Mellish* v. *Allnutt,* 2 M. & S. 106; *Rucker* v. *Palsgrave,* 1 Taunt. 419; *Cox* v. *Parry,* 1 T. R. 464; *Blackburn* v. *Scholes,* 2 Campb. 341; *Long* v. *Greville,* 4 Dowl. & Ryl. 632; *Simpson* v. *Routh,* 2 B. & C. 682; *Seaton* v. *Benedict,* 5 Bing. 28; *Archer* v. *English,* 1 Man. & Gr. 873; *Spalding* v. *Vandercook,* 2 Wend. 431.

BIGELOW, J.   The agreed statement of facts in this case presents a question as to the effect of the payment of money into court by the defendant. The plaintiff, at the trial, offered no evidence to sustain an action of assumpsit, or to prove any contract or liability on the part of the defendant, except that which was derived from such payment, and he relied upon it as a conclusive admission of the causes of action stated in the writ, and as leaving open only the question, whether he was entitled to recover any thing more than the amount brought into court.

There can be no doubt of the general proposition, that a payment of money into court does bind the party making it, to a certain extent, so that he cannot be permitted afterwards to contradict or control the admission thereby made. But a very material question arises, which is important to the decision of the present case, as to the nature and extent of this admission. In an action on a special contract, where a specific cause of action is set out in the declaration, to the proof of which the plaintiff would be strictly confined, a payment nto court admits the contract, as alleged, and a breach thereof, with damages to the amount of the sum tendered.   The

47 *

reason for this is obvious. There is in such a case only one contract set out in the declaration, and therefore the defendant, by paying money on that one specific contract, necessarily admits it. The payment can be applied to nothing else. But it is otherwise in actions of *indebitatus assumpsit*, where the declaration, as in the present case, contains the general money counts, which may include several causes of action. The defendant, in such cases, by payment of money into court, does not admit any specific contract; but only confesses, generally, a liability on some one or more of the causes of action set out in the writ, not exceeding the amount paid into court. It is not competent for a plaintiff to apply a general admission of this sort to any contract he may choose to set up under the money counts. The admission cannot be used at the pleasure of the plaintiff, but must be taken, if at all, in its precise legal import. If, therefore, the plaintiff claims to recover any further sum than that paid into court, he must prove a contract, express or implied, upon which the defendant is indebted to a greater amount.

To apply these principles to the case at bar: The defendant, by his payment, only admitted that he owed the plaintiff, on some one or several of the money counts, the sum so paid in by him, but he did not admit any particular contract or debt under any one of said counts, nor a liability on all of them. The payment was general, and so, therefore, was the admission. If the plaintiff sought to recover a further sum under the count for use and occupation, he was bound to show a contract, express or implied, on the part of the defendant, to pay rent. The defendant had admitted no such contract. He had only admitted some liability on some contract, to the amount brought into court. The burden was, therefore, on the plaintiff, if he claimed to recover a further sum, to prove a contract or liability to pay it. The defendant had the right to say, that his payment was not intended to apply to the count for use and occupation, and to require proof of such contract at the hands of the plaintiff. Without this evidence, the plaintiff had proved no contract on which the defendant was liable for any further sum.

We, therefore, understand the rule to be, that where a party pays money into court, on a declaration which sets out a special contract, he thereby admits the contract as alleged, and a breach thereof, with damages to the amount paid in. But where such payment is made in an action of *indebitatus assumpsit*, containing the money counts, the defendant thereby admits only some liability on some contract under the money counts, and if the plaintiff seeks to recover any further sum, he is bound to prove a contract or liability on the part of the defendant, as well as a larger sum due. We are aware that the case of *Jones* v. *Hoar*, 5 Pick. 285, seems to make no distinction between the effect of a payment into court upon a declaration containing a count upon a special contract, and upon one containing the money counts; but the point was not adverted to in that case, and was not material to its decision.

In the case of *Huntington* v. *American Bank*, 6 Pick. 340, the declaration did not contain the money counts generally, but set forth the same cause of action in two counts, and was decided on the ground, that the case was founded " on an express promise or special contract between the parties." The precise point involved in the present case was not there decided; and if some of the general expressions therein used do not accord with the principles herein laid down, we are satisfied that they are incorrect. Since that decision, the English authorities on this subject have been reviewed, and the point fully and ably discussed in the case of *Kingham* v. *Robins*, 5 Mees. & Welsb. 94, in which the court of Exchequer overruled some of the preceding decisions of the English courts, and affirmed the rule as hereinbefore stated; and that decision has been since repeatedly recognized. *Archer* v. *English*, 1 Man. & Gr. 873; *Stapleton* v. *Nowell*, 6 Mees. & Welsb. 9; *Story* v. *Finnis*, 6 Welsb. Hurlst. & Gord. 126. See also *Long* v. *Greville*, 4 Dowl. & Ryl. 632, and 3 B. & C. 10; *Seaton* v. *Benedict*, 5 Bing. 28.

The result is, therefore, that as the plaintiff in this case failed to offer any evidence to sustain his right to recover, in an action of assumpsit, any sum beyond that paid into court, judgment must be rendered for the defendant.